[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are two, postjudgment motions for modification of child support owed by the defendant, John Deemer, to the plaintiff, Rebecca Savage; one motion filed by each party against the other. The defendant claims that the existing child support order needs to be modified because application of the child support guidelines are inappropriate and inequitable, and a deviation downward is necessary based on the division of marital assets and a shared parenting arrangement. The plaintiff claims that the current child support order falls below the current child support guidelines CT Page 12706 figure and, therefore, the child support order ought to be modified upward. The plaintiff also requests reasonable attorney's fees. The court conducted an evidentiary hearing on these motions on December 5, 1994.
The court finds the following facts. On April 13, 1989, the court, Jackaway, J., rendered a judgment dissolving the parties' marriage. The judgment adopted the provisions of a settlement agreement entered into by the parties on the same date. The judgment provided, inter alia, that custody of the parties' two, minor children, Rachel Deemer, born October 20, 1984, and Bridget Deemer, born February 26, 1982, be joint and primary residence of the children be with the plaintiff. The defendant was granted visitation for two or three weekends per month, alternating month by month. The weekend visitation is from 5 p. m. on Fridays to 7 p. m. on Sundays. The defendant also has visitation every Tuesday and Wednesday evening from 3:30 p. m. to 7 p. m. In addition, the defendant has the children exclusively for four weeks during their summer vacation. The plaintiff similarly has the children exclusively for four weeks during their summer vacation.
The judgment and agreement also required the defendant to transfer his one-half interest in the family residence to the plaintiff. That one-half interest at the time of transfer had a value of $93,750. In exchange for this interest, the plaintiff was required to give the defendant a promissory note, secured by a mortgage, in the principal amount of $37,500 payable, along with five percent interest per annum, upon the plaintiff's death, remarriage, sale of the premises, or relocation of the children. Under the judgment, the defendant retained sole possession of stocks and bonds worth approximately $100,000.
The original child support obligation was for $120 per week per child, totalling $240 per week payable to the plaintiff. On May 20, 1991, the court, Dunn, J., granted the defendant's motion to modify child support, with agreement of the parties, reducing the defendant's obligation to $55 per week per child, for a total of $110 per week. On September 23, 1991, the court, McWeeny, J., granted the plaintiff's motion to modify child support, with agreement of the parties, to $116.28 per week per child if the defendant was employed and to $400 per month if unemployed.
On August 25, 1994, the defendant filed one of the present motions to modify child support, and, on October 20, 1994, the plaintiff filed the other. The parties submitted their respective CT Page 12707 financial affidavits to the court as well as their respective child support guidelines calculations based on those affidavits. The parties' calculations substantially agree that the current child support guidelines, promulgated under General Statutes § 46b-215a, result in a total child support figure, if no deviation is considered, of around $235 per week. The existing child support order is, therefore within fifteen per cent of this figure.
 I
The defendant contends that the court find, under General Statutes § 46b-215b(a), that application of the guidelines would be inappropriate or inequitable because the plaintiff received his interest in the family residence and because he exercises care and control of the children for nearly as much time as the plaintiff does. The regulatory provisions pertaining to these proposed justifications for deviating from the guidelines are found in child support guidelines § 46b-215a-3(b)(5)(A), governing deviation based on the division of assets, and § 46b-215a-3(b)(6)(A), governing deviation based on shared custody arrangements.
 A.
The court rejects the defendant's contention that, because his ex-wife received his interest in the family residence, he should be relieved from a portion of his child support obligation as determined under the guidelines. Section 46b-215a-3(b)(5) permits deviation from the guidelines amount based on the division of assets but only "[w]hen the trier of fact finds that such consideration will not result in a lesser economic benefit to the child" (emphasis added). Here, the defendant is asking to reduce
his child support payments. This results in a lesser economic benefit for his children and is barred under this deviation criterion.
Even is such a deviation were permitted, the court would reject the invitation to depart form the guidelines figure. There was no evidence adduced that the settlement agreement contemplated a diminution of child support in exchange for the transfer of the, defendant's interest in the property. To the contrary, the agreement requires that the plaintiff pay the defendant $37,500 plus interest upon the occurrence of certain events. Also, the defendant retained substantial securities holding as part of the settlement, which undercuts his argument that application of the child support guidelines figure would be inequitable. CT Page 12708
 B.
The defendant's "shared custody" argument also fails to justify deviation from the guidelines amount. The defendant asserted at the evidentiary hearing that he and the plaintiff share care and control of the children nearly evenly (Defendant's Exhibit 1). The defendant's method of computing each party's share is flawed to the point of being feckless. The defendant completely discounts all time periods the children spend under the aegis of the plaintiff when they are asleep or in school. In the defendant's way of thinking, these time spans are periods of "reduced" or negligible responsibility and can be ignored.
The court finds this characterization preposterous. The plaintiff is every bit the children's caretaker when they sleep or attend school as when they are within her sight. Under the defendant's theory, a visit to a playmate's home would also be deductible. The plaintiff has a continuing duty to insure that the children have adequate shelter, water, electricity, bedding, bedclothes, medicine, etc., at night as well as by day. She must be available, or make preparation for some responsible person to care for the children, should occasional needs arise during the night or while they are at school. Sometimes, the consoling arms of a nearby parent are needed to quell the terror created by strange bumps in the night or nightmares. This aspect of parenting, can be as important as putting food on the table. The hours the children spend outside of the physical presence of the plaintiff cannot be devalued in the way the defendant assumes.
Vacations and holidays aside, the defendant spends two or three weekends per month and two evenings during the week with the children. The court appreciates the defendant's devotion to his children and the important role he plays in their lives, but his visitation schedule is no significant departure from those schedules typically ordered and fails to render the application of the guidelines inequitable or inappropriate.
For these reasons, the defendant's motion for modification of child support is denied.
 II
The plaintiff contends that the current child support order ought to be modified upward to conform to the child support CT Page 12709 guidelines. As noted above, the current obligation of $116.25 per week, per child appears to be within fifteen per cent of the guidelines figure, viz. a total of $235 per week. Therefore, the plaintiff's motion for modification is also denied.
 III
The plaintiff has requested that the court award her attorney's fees for having to defend against the defendant's latest motion for modification. Under the provisions of General Statutes § 46b-62, the court orders the defendant to pay reasonable attorney's fees to the plaintiff in the amount of $750. Plaintiff's counsel spent about four to five hours in court answering the defendant's motion, including responding to the calendar call, discussing the matter with the family relations officer, and participation in the evidentiary hearing. The plaintiff's counsel charges $200 per hour for court time, and the court finds $750 to be a reasonable compensation for such representation.
The court has awarded attorney's fees to the plaintiff because it finds that the defendant's motion was motivated by his desire to exercise control over the manner in which the plaintiff expends the sums he pays her rather than because the payments are unjustified. As discussed above, his contention that the transfer of his interest in the family residence ought to relieve him of his obligation to support his children, in part, is clearly contrary to the deviation criteria bearing on that subject. His argument that the time the plaintiff spends caring for the children at night and while they attend school ought to be ignored is conspicuously meritless.
Sferrazza, J.